**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| WAYNE LAFOUCADE, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| S & S MANAGEMENT GROUP, LLC D/B/A GUARD ONE SECURITY, | |
| Defendant. | |

**COMPLAINT FOR DAMAGES**

COMES NOW, Wayne Lafoucade (hereinafter "Ms. Lafoucade" or "Plaintiff"), by and through his undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorneys' fees for Defendant's violation of his rights under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et. seq.* (hereinafter "FMLA").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 12117, and 29 U.S.C. § 261(b).

3.

Defendant S&S Management Group, LLC d/b/a Guard One Security (hereinafter "Defendant" or "S&S Management Group, LLC d/b/a Guard One Security") does business in this judicial district.  Additionally, the unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a citizen of the United States of America and a resident of the State of Georgia.  Plaintiff is subject to the jurisdiction of this Court.

5.

Defendant is a foreign limited liability company qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Rich Frye, 1165 Sanctuary Parkway, Suite 270, Alpharetta, GA, 30009, USA.

7.

Plaintiff is considered an "eligible employee" within the meaning of the FMLA, 29 U.S.C. §2601 *et seq.*

8.

Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. §2601 *et seq.*"

9.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding his request for leave pursuant to the FMLA.

10.

Plaintiff was employed by Defendant for more than twelve (12) months.

11.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

## FACTUAL ALLEGATIONS

12.

Plaintiff began his employment as a Security Officer with S&S Management Group, LLC d/b/a Guard One Security ("Guard One") on May 2018.

13.

In December 2020, Plaintiff's wife, Kathy Ann Lafoucade, became ill and was later diagnosed with cancer.

14.

The same month, Plaintiff advised his supervisor, Eddie Diaz, about his wife's illness.

15.

In late January 2021, Plaintiff began asking Guard One about taking time off to be with his wife whose condition had become dire.

16.

On February 4, 2021, Plaintiff asked Diaz to allow him to take two weeks leave to be with his wife as her health worsened.

17.

In response, Diaz stated to Plaintiff: "Either come to work or turn in your badge."

18.

Guard One terminated Plaintiff on February 4, 2021.

19.

On February 13, 2021, Plaintiff's wife succumbed to cancer.

20.

S&S Management Group, LLC d/b/a Guard One Security did not offer
Plaintiff FMLA leave, instead telling him to return his badge.

21.

The reason for Plaintiff's termination was merely pretextual for unlawful
discrimination and retaliation.

## CLAIMS FOR RELIEF

## COUNT I:  FMLA INTERFERENCE

22.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

23.

Defendant is an 'employer' as defined by the FMLA.

24.

Plaintiff was an eligible employee under the FMLA.

25.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding his request for medical leave pursuant to the FMLA.

26.

Plaintiff was employed by Defendant for more than 12 months.

27.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

28.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

29.

Plaintiff's wife had a medical condition that allowed Plaintiff to take time off of work.

30.

Plaintiff's wife had a serious medical condition as defined by the FMLA.

31.

Defendant received notice of Plaintiff's need for protected medical leave for his serious medical condition in December 2020 and January 2021.

32.

Defendant terminated Plaintiff's employment to avoid having to accommodate Plaintiff's request for protected medical leave.

33.

Defendant interfered with rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

34.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due to him solely because of his right to leave under the FMLA.

35.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees, and costs of litigation.

## COUNT II:  FMLA RETALIATION

36.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

37.

Defendant is an 'employer' as defined by the FMLA.

38.

Plaintiff was an eligible employee under the FMLA.

39.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding his request for medical leave pursuant to the FMLA.

40.

Plaintiff was employed by Defendant for more than 12 months.

41.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

42.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave to attend to the medical needs of his spouse pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

43.

Defendant's spouse suffered from a serious medical condition as defined by the FMLA

44.

Defendant terminated Plaintiff after he requested protected leave to attend to his wife's serious medical condition.

46.

Defendant's termination of Plaintiff's employment was causally related to his attempt to exercise his rights to protected medical leave pursuant to the FMLA.

47.

Defendant's termination of Plaintiff's employment constitutes unlawful retaliation against Plaintiff for his attempt to exercise his rights to protected medical leave under the FMLA, in violation of 29 U.S.C. §2615(a).

48.

As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff, Plaintiff has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

**WHEREFORE**, Plaintiff judgment as follows:

(a)     A declaratory judgment that Defendant has engaged in unlawful employment practices in violation of the FMLA;

(b)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant S&S Management Group, LLC d/b/a Guard One Security from further unlawful conduct of the type described herein;

(c)     General damages for mental and emotional suffering caused by Defendant's misconduct;

(d)     Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(e)     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(f)        Reasonable attorney's fees and expenses of litigation with any

and all other costs associated with this action as provided by the

FMLA;

(g)        Trial by jury as to all issues;

(h)        Prejudgment interest at the rate allowed by law; and

(i)        All other relief to which he may be entitled.

Respectfully submitted the 30th day of August, 2021.

**BARRETT & FARAHANY**

 s/ *Ian E. Smith*
Ian E. Smith
Georgia Bar No. 661492

*Attorney for Wayne Lafoucade*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
iesmith@justiceatwork.com